IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs, December 07, 2007


IN RE: THE ESTATE OF CHARLES R. RAY, TONY V. CARRUTHERS, v.
SANDRA B. RAY


Direct Appeal from the Seventh Circuit Court for Davidson County
No. 06P-2007    Hon. Randy Kennedy, Circuit Judge


No. M2007-00923-COA-R3-CV - Filed January 31, 2008


Plaintiff filed a legal malpractice claim against defendant's Estate. The Trial Court held the claim against the Decedent's Estate was barred by the statute of limitations. On appeal, we affirm.


**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Circuit Court Affirmed.**


HERSCHEL PICKENS FRANKS, P.J., delivered the opinion of the Court, in which CHARLES D. SUSANO, JR., J., and D. MICHAEL SWINEY, J., joined.


Tony V. Carruthers, Petros, Tennessee, *pro se.*

James N. Bryan, Jr., Nashville, Tennessee, for appellee.


**OPINION**


        This is an action against the Estate of Charles Ray, who died on November 29, 2006. Letters testamentary were issued after the Petition to probate his Estate was filed on December 14, 2006.

        Plaintiff, Tony V. Carruthers, acting *pro se*, filed a claim against Ray's Estate on February 2, 2007, within the allotted time for filing such claims against the Estate.

Plaintiff asserted that Ray had been guilty of malpractice, and that he was lead counsel appointed to defend plaintiff in his capital case post-conviction proceedings, that Ray had discovered in November 2002 that "the claimant was falsely imprisoned by a planted juror #127 (Deborah Archer) the petit juror foreperson. Also that the prosecutors had smuggled transistor radios into the juror sequestering rooms for 12 days so the sequestered jurors could listen to the news reports of the claimant's 1996 capital trial. The "negligent" attorneys choose to conceal this pertinent information from the Criminal Court of Appeals on May 6, 2003." He attached multiple letters he had written to his attorneys, various judges, and others, including a letter dated 1/21/2004 to attorney Ray, stating that he wanted Ray to give him a sworn affidavit concerning his conversation with juror #127 about radios in the jury room, and a letter written to attorney Larry Copeland of the same date, asserting that he had written to him for the last twelve months about the conspiracy among juror 127, the Trial Judge, and others to keep him in prison, and the knowledge that juror #127 was planted in the jury and falsified the verdict forms, as well as the fact that she had a radio in the jury room.

The personal representative of the Estate filed an Exception to the Claim, asserting that the claim filed on February 2, 2007, was barred by the statute of limitations, since plaintiff's correspondence established that plaintiff knew of the discovery of the alleged information about the planted juror, etc., as of November 2002, and clearly knew it by January 21, 2004, when he sent the letter to Ray discussing his allegations. The personal representative relied on Tenn. Code Ann. §28-3-104, the one-year statute of limitations applicable to malpractice actions/torts, which would have accrued at the time plaintiff discovered that he had a claim. It was also asserted that even if the three year statute of limitations found at Tenn. Code Ann. §28-3-105 was applicable, that plaintiff's claims would still be barred.

Plaintiff moved to Strike Exception to his Claim, and filed a Motion, asking the Court to stay its proceedings until his pending habeas corpus proceeding could be resolved.

On April 20, 2007, the Trial Court entered an Order, stating that for the purposes of the pending motions, the Court had considered all of the allegations contained in plaintiff's filings as true, but found that the letter plaintiff wrote to Ray on January 21, 2004, referencing Ray's interview with juror 127 and the allegation that she admitted having a radio in the jury room established that plaintiff knew or should have known as of at least January 21, 2004, that he had alleged claims against Ray, including his allegations about juror 127. The Court further elaborated that his letter of January 21, 2004 demonstrated that he understood/believed that he had been injured by Ray's actions and the statute of limitations began to run at that time. The Court found the claim filed on February 2, 2007, was beyond either the one or three year statute of limitations.

Further the Court held that resolution of the pending habeas corpus proceeding would have no effect on the claim in Probate Court, and denied a stay of the Probate Court proceedings and dismissed plaintiff's claim.

The issues on appeal as presented are:

1.      Whether the Trial Court erred in not staying plaintiff's claim until the final outcome of his post-conviction appeal and his habeas corpus proceeding?

2.      Whether the Trial Court erred in not compelling discovery of the audiotape recording made by Ray during his interview of juror 127, or whether plaintiff's claim was properly dismissed pursuant to the statute of limitations without discovery?

Although plaintiff does not raise this issue specifically, his appeal cannot be properly analyzed without a determination of whether the statute of limitations defense was properly relied upon in dismissing his claim.

As the Trial Court found, the documents filed by plaintiff clearly establish that plaintiff had knowledge of his alleged claims of legal malpractice, conspiracy, etc., against Ray at least by January 21, 2004, if not much earlier.

The discovery rule mandates that a cause of action accrues when the plaintiff knows or in the exercise of reasonable care and diligence should know that an injury has been sustained as a result of wrongful or tortious conduct by the defendant. *John Kohl & Company, P.C. v. Dearborn & Ewing*, 977 S.W.2d 528 (Tenn. Ct. App. 1998). As plaintiff's letters demonstrate, he believed that he had been damaged by Ray's alleged concealment of his knowledge regarding juror 127 at least by January 21, 2004, when he wrote the letters to Ray and Copeland detailing his allegations. Assuming his allegations to be true, plaintiff knew that he had been injured by Ray's purported wrongful conduct at least by that date, if not sooner. Accordingly, plaintiff's claims were barred by either statute of limitations, the Trial Court properly dismissed plaintiff's action and the discovery plaintiff sought would have no bearing on the statute of limitations issue.

Plaintiff further asserts that the Trial Court erred in failing to issue a stay of the Probate Court proceedings pending resolution of his post-conviction/habeas corpus proceedings. Plaintiff has not shown, however, that the resolution of those proceedings would have any effect on the issue of whether his claim is barred by the statute of limitations. In *Gibson v. Trant*, 58 S.W.3d 103 (Tenn. 2001), the Supreme Court explicitly held that a criminal defendant did not have to obtain relief in his post-conviction proceedings in order to "discover" that he had a cause of action for malpractice against his attorney. The Court also affirmed that if a plaintiff filed a malpractice claim before the post-conviction proceedings had concluded, the trial court had discretion about whether to allow the claim to proceed. *Id.* The Court stated:

the clear implication of *Sanjines* is that a court can – and should – dismiss a frivolous malpractice claim. This is necessary as a matter of fairness to the defendant. It is true, however, that if the trial court decides that the plaintiff's claim should not be dismissed on the pleadings, or on summary judgment, the court must await the outcome of the post-conviction proceeding before deciding whether the case should

go to a jury.

*Id.* at 117. Here, the plaintiff clearly knew that he had a claim against Ray, but failed to file a claim until the statute of limitations had run. The Trial Court did not abuse its discretion in refusing to issue a stay, as such action would serve no purpose. A stay would not have changed the fact that plaintiff's claims were barred by the statute of limitations.

Accordingly, we affirm the Trial Court's dismissal of plaintiff's claims and remand, with the cost of the appeal assessed to Tony V. Carruthers.

_____

HERSCHEL PICKENS FRANKS, P.J.